**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES, | § | |
| | § | |
| v. | § | Cr. No. C-07-123 |
| | § | |
| JUAN ZUNIGA. | § | |

**ORDER DENYING WITHOUT
PREJUDICE LETTER MOTION FOR RECORD**

Juan Zuniga ("Zuniga") was found guilty after a jury trial. He was sentenced by United States District Judge Hayden W. Head, Jr., and judgment in his criminal case was entered on December 4, 2009. (D.E. 115). He appealed and Judge Head appointed Nicole DeBorde to represent him on appeal. (D.E. 125, 126.)

The Fifth Circuit affirmed Zuniga's conviction and sentence in an unpublished *per curiam* opinion issued on March 2, 2009. (D.E. 148.) To date, the Fifth Circuit's docket sheet does not reflect that a petition for writ of certiorari has been filed, nor has his counsel sought leave to withdraw.

On May 21, 2009, Judge Head received a letter from Zuniga dated May 18, 2009. In it, Zuniga asks that the Court "advise as to how I can go about obtaining my file of record to proceed with my appeal such as my Writ of Certiorari." Zuniga states that he knows "time is of the essence" and alleges that he has been unable to obtain his file from Ms. DeBorde and that he is trying to retain counsel to assist him. The Clerk is hereby directed to docket Zuniga's letter as a letter motion for copies.

Although Zuniga asks for the assistance of the Court in obtaining his file, he has recently requested the file from his counsel. He states that he has not yet received it, but the period for filing

1

a petition for certiorari, while quickly approaching, has not yet passed. Specifically, the Fifth Circuit's decision was issued March 2, 2009. The period for Zuniga to file a petition for writ of certiorari expires 90 days after that date, or on June 1, 2009. See S. Ct. R. 13(1); Clay v. United States, 537 U.S. 522, 532 (2003).

It is not clear from his letter whether Zuniga has requested his appointed counsel to file a petition for writ of certiorari. If he has made that request in a timely fashion, then Ms. DeBorde has an obligation to assist him in doing so. See United States v. James, 990 F.2d 804, 805 (5th Cir. 1993)(citing Wilkins v. United States, 441 U.S. 468 (1979) and United States v. Sotelo, 778 F.2d 1125 (5th Cir. 1985), cert. denied, 475 U.S. 1128 (1986)). It is also unknown whether his appointed counsel is using the file to prepare such a petition.

In any event, the only request made of the Court is that it "advise" as to how Zuniga can obtain his file. To the extent that Zuniga's letter can be construed as a request for documents at government expense, it is DENIED WITHOUT PREJUDICE. As noted, Zuniga's appeal has concluded, and he has not yet filed a petition for writ of certiorari. Unless and until Zuniga files a timely petition for certiorari, he has no active proceedings before any court that entitle him to transcripts or other documents at government expense. See 28 U.S.C. § 753(f) (an indigent defendant is entitled to transcripts at government expense only if he establishes that the transcripts are needed to decide an issue in a pending suit and that the suit is not frivolous); United States v. Herrera, 474 F.2d 1049, 1049-50 (5th Cir. 1974) ("This Court has consistently held that a federal prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is indigent.").

**CONCLUSION**

For the foregoing reasons, Zuniga's letter motion, to the extent it requests copies of the documents in his case at government expense, is DENIED WITHOUT PREJUDICE. The Clerk is directed to send copies of this Order to both Zuniga and directly to Ms. DeBorde, as well as to the United States Attorneys Office.

It is ORDERED this 28th day of May, 2009.

							B. JANICE ELLINGTON
							UNITED STATES MAGISTRATE JUDGE